**FORM B9I** (Chapter 13 Case) (09/13)   Case Number **14–48748**

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Missouri

## Order and Notice of
## Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 11/5/14.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors –– Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations.**

Debtor(s) (name(s) and address):
Scott C. Seifried
9202 Damson Drive
Saint Louis, MO 63123

| Case Number: | Last four digits of Social Security or Individual Taxpayer–ID (ITIN) |
| --- | --- |
| 14–48748 –A659 | No(s)./Complete EIN: xxx–xx–0393 |

| Attorney for Debtor(s) (name and address): | Bankruptcy Trustee (name and address): |
| --- | --- |
| C. Scott Brinkman | John V. LaBarge Jr |
| Brinkman & Alter, LLC | Chapter 13 Trustee |
| 1 North Taylor | P.O. Box 430908 |
| St. Louis, MO 63108 | St. Louis, MO 63143 |
| Telephone number: (314) 932–1067 | Telephone number: (314) 781–8100 |

### Meeting of Creditors:
Date: **December 1, 2014**      Time: **09:00 AM**
Location: **111 South Tenth Street, First Floor, Room 1.310, St. Louis, MO 63102**
Refer to Other Side for Important Documentation Needed at the Meeting of Creditors

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

#### Deadline to File a Proof of Claim
For all creditors (except a governmental unit): **3/2/15**      For a governmental unit(except as otherwise provided in Fed. R. Bankr. P.3002(c)(1)): **5/4/15**

#### Foreign Creditors:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

#### Deadline to Object to Debtor's Discharge or to Challenge Dischargeablility of Certain Debts: 1/30/15
The deadline to file such complaints for any creditor added to this case after the date of the initial Notice and Order of Commencement shall be the later of the original deadline or 60 days after the date on the certificate of service of the notice given pursuant to L.R. 1009.

#### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

#### Hearing on Confirmation of Plan
The hearing on confirmation will be held:
Date: **1/8/15** Time: **11:00 AM** Location: **Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, Courtroom 7 North – Seventh Floor, St. Louis, MO 63102**

**PLEASE BE ADVISED** that at <u>any</u> hearing concerning confirmation of your plan, <u>your case may be dismissed</u> if you have not made any plan payments or if you have failed to make all payments due as of the date of the hearing.

#### Deadline to Object to Confirmation of the Plan
Twenty–one (21) days after the *conclusion* of the meeting of creditors or at the confirmation hearing, whichever is earlier.

| **Address of the Bankruptcy Clerk's Office:** | **So Ordered:** |
| --- | --- |
| 111 South Tenth Street | *Kathy A Surratt-States* |
| Fourth Floor | |
| St. Louis, MO 63102 | |
| Telephone number: (314) 244–4500 | |
| VCIS number: 1–866–222–8029, #87 | United States Bankruptcy Court Judge |
| Electronic Case Information/PACER: https://ecf.moeb.uscourts.gov | **Date:** 11/6/14 |
| Office Hours: Monday – Friday 8:30 a.m. – 4:30 p.m. | |

**EXPLANATIONS** FORM B9I (09/13)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy Court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the Court orders otherwise. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Usually, the filing of a case automatically stays certain collection and other actions against the debtor and the debtor's property such as contact by any means to demand repayment, taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the Court to extend or impose a stay. Taking prohibited actions may result in penalty. |
| Meeting of Creditors and Order to Appear | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case)* **are ordered to appear** at the meeting to be questioned under oath by the trustee and by creditors. Creditors may attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the Court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form is not included with this notice. You can obtain one at any bankruptcy clerk's office, or by visiting www.uscourts.gov. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim against the debtor in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the Bankruptcy Court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the Court to extend the deadline. Proofs of claims can be filed via the Court's Electronic Proof of Claim system (ePOC) found on the Court's web site at www.moeb.uscourts.gov. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code §1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. Registered electronic users should file through our Case Management/Electronic Case Files (CM/ECF) system at https://ecf.moeb.uscourts.gov.**This Court requires all attorneys to file electronically through CM/ECF.** You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office or via the Internet if you have a PACER subscription. You may register for PACER at http://pacer.psc.uscourts.gov. Case status information is available 24 hours a day by contacting VCIS (voice case information) or via the Internet using PACER. Information about the meeting of creditors, certain forms, and other matters can be obtained from the Court's website: http://www.moeb.uscourts.gov |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Domestic Support Obligation – Child Support | The holder of any claim for unpaid pre–petition child support is entitled to have the trustee provide such creditor with notice of the creditor's right to use the services of the state child support enforcement agency and supply such creditor with the address and telephone number of the state child support enforcement agency and an explanation of the creditor's rights to payment in the bankruptcy case. Any creditor may request such notice and information by writing the trustee. Such creditor is further entitled to have the trustee provide the creditor with (i) notice of the granting of the discharge, (ii) any last known address of the debtor,(iii) debtor's most recent employer, and (iv) information concerning other claims on which the debtor may be liable following the discharge. Failure to request such information from the trustee shall be a waiver of the right to receive such notice from the trustee. |

–– Refer to Other Side for Important Deadlines and Notices ––

**Debtor information needed at the meeting of creditors:**
- Most recently filed federal and state tax returns (must be provided to trustee at least 7 days before 341 meeting)
- W–2(or W–4) forms
- Deeds to any real estate in which the debtor has any interest
- Savings, checking and investment account statements
- Personal property tax statements
- Divorce decree or separation agreement
- Documentation supporting Means Test/Disposable Income Form 22
- Pay stubs or other earnings statements covering the 6–month period prior to the petition date (must be provided to trustee by the 45th day after the petition date)

**Debtor Identification:**
All individual debtors must provide picture identification and proof of social security number (if any) to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed or denial of your discharge, and/or criminal referral. Acceptable forms of picture identification (ID) include an original: 1)driver's license, 2)federal or state government ID, 3)student ID, 4)U.S. passport, 5)military ID, or 6)resident alien card.

Acceptable forms of proof of social security number include an original: 1)social security card, 2)medical insurance card, 3)pay stub, 4)W–2 form, 5)Internal Revenue Service Form 1099 6)Social Security Administration report, or 7)statement that such documentation does not exist.